LAW OFFICE OF RONALD L. KUBY
119 West 23rd Street, Suite 900
New York, New York  10011
(212) 529-0223

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | |
|---|---|
| AYELLET MOAS and JOHN PALMERI, ) | **COMPLAINT** |
| Plaintiff, ) | |
| | Index No. 08-cv-7239 (RJS) |
| -against- ) | |
| | **A JURY TRIAL** |
| THE CITY OF NEW YORK and NEW YORK CITY ) | **IS DEMANDED** |
| POLICE OFFICER JOHN DOE. | |
| ) | |
| Defendants. | |

-------------------------------------------------------------------------x

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which Plaintiffs seek relief for Defendants' violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and the common law of the State of New York.

2.     Plaintiffs seek damages, both compensatory and punitive, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## **JURISDICTION**

3.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.  Jurisdiction is conferred

upon this Court by 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4), this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

4. Plaintiffs also invoke supplemental jurisdiction of this Court over Plaintiffs' state claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMANDED

6. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

7. Plaintiffs reside in the State of New Jersey.

8. Defendant New York City Police Officer JOHN DOE is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of the City of New York. Defendant DOE is and was at all times relevant herein acting under the direction and control of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and was acting pursuant to either official policy, or the custom, practice and usage of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. Defendant is sued individually. Upon information and belief, Defendant JOHN DOE was born on September 28, 1977.

9. At all times relevant herein, Defendant DOE was acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and was acting in the course and scope of his duties and functions as an officer, agent, servant, and employee of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.  At all times relevant herein, Defendant was acting for and on behalf of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, with the power and authority vested in him as an officer, agent, servant and employee of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by members of the New York City Police Department. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendant DOE.

## **NOTICE OF CLAIM**

11. Plaintiffs timely filed Notices of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiffs' claim against Defendants DOE and CITY OF NEW

YORK.

12. The City assigned a claim number to Plaintiffs' claim and Plaintiffs were subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h.

13. To date, no answer has been received by Plaintiffs and no compensation has been offered by Defendant CITY OF NEW YORK in response to this claim.

14. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

15. On April 25, 2008, Ayellet Moas and John Palmeri returned from a cruise, during which Mr. Palmeri asked Ms. Moas to marry him. Ms. Moas accepted. They were newly-engaged, utterly thrilled, and excited to share news of their engagement with Ms. Moas' mother.

16. When their cruise ship docked on April 25, 2008, Ms. Moas and Mr. Palmeri, after a couple detours, drove to Ms. Moas' mother's house, located at 1758 East Fourth Street, Brooklyn, New York. They arrived there at approximately 2:00 p.m. and parked their truck on East Fourth Street, between Avenue P and Quentin Road.

17. Ms. Moas and Mr. Palmeri entered Ms. Moas' mother's home.

18. The Moas family, including Ms. Moas' sister and nephews, were gathered at her mother's home for Shabbat dinner during the Passover holiday.

19. The newly-engaged couple showed Ms. Moas' mother their engagement ring, kissed and hugged her, and greeted the rest of the gathered family.

20. The family discussion turned to the Plaintiffs' cruise, and Ms. Moas and Mr. Palmeri offered to develop some of their pictures to share with the family. Ms. Moas' sister volunteered to walk with Plaintiffs to Walgreens to have the photos developed.

21. Ms. Moas and Mr. Palmeri left the house and began walking to their truck to pick up the disposable cameras containing pictures from their cruise. Ms. Moas' sister and her children planned to meet Plaintiffs in front of the house to walk with Plaintiffs to Walgreens.

22. Ms. Moas and Mr. Palmeri walked, hand-in-hand, to their truck.

23. When they reached their vehicle, a white truck pulled up and came to an abrupt halt next to them.

24. A white male with a medium build emerged from the white truck and began moving rapidly down Quinten Road.

25. Ms. Moas and Mr. Palmeri thought the man was double-parking, and running to get something out of a nearby house (a practice common in the neighborhood).

26. Within moments, a stocky male wearing a Giants jersey accosted Ms. Moas and Mr. Palmeri. He had a gun in his hand and aimed it at Plaintiffs' heads. "Shut the fuck up or I am going to blow your fucking brains out," he shouted.

27. Ms. Moas began crying.

28. The man grabbed Mr. Palmeri and intentionally threw him to the ground.

29. DOE then, once again, intentionally pointed his gun at Ms. Moas and shouted, "Get the fuck down."

30. At a certain point, DOE intentionally kicked Mr. Palmeri in the ribs.

31. DOE then picked Mr. Palmeri up and said, "You're coming with me."

32. DOE threw Mr. Palmeri up against the truck and put his gun to the back of Mr. Palmeri's head.

33. When Mr. Palmeri attempted to speak, DOE shouted, in sum or substance, "Shut the fuck up. If you speak, I'm going to blow your brains out."

34. DOE then intentionally threw Mr. Palmeri back onto the ground.

35. Mr. Palmeri and Ms. Moas believed they were about to be killed.

36. Ms. Moas, fearing for her life, attempted to hold Mr. Palmeri's hand. JOHN DOE apparently observed this and asked, in sum or substance, "What does he have in there?" indicating Mr. Palmeri's wallet.

37. DOE removed Mr. Palmeri's wallet and examined it.

38. At this point, Ms. Moas observed her mother, sister, and nephews standing on the street.

39. Ms. Moas screamed to her sister, in Hebrew and English, warning them to stay away because DOE had a gun.

40. Ms. Moas' sister began running towards Plaintiffs and DOE.

41. Mr. Palmeri, believing that he and his fiancé were about to be killed, laid on top of Ms. Moas, in an attempt to protect her from the armed DOE.

42. As neighbors began to emerge from their homes, Ms. Moas' mother started screaming for someone to call the police. One neighbor screamed back indicating that she had called the police.

43. When DOE observed Ms. Moas' sister running towards them, he removed what appeared to be a badge (for the first time) and, for the first time, identified himself as a police officer stating, in sum or substance, "Stand back, I'm a cop."

44. Immediately thereafter, numerous police officers arrived at the scene, with their guns drawn and pointed at DOE.

45. DOE yelled to the responding officers, in sum or substance, "I'm narcotics. I'm narcotics."

46. A female African-American police officer shouted back, in sum or substance, "What the fuck is wrong with you. Put your fucking gun away."

47. An officer examined Ms. Moas and Mr. Palmeri's identification.

48. DOE made several statements, in a poor attempt at humor (e.g., referencing Mr. Palmeri's Yankees jacket and invoking the Mets/Yankees rivalry; and, making a comment about the fact that both he and Mr. Palmeri share a birthday).

49. DOE then informed Ms. Moas and Mr. Palmeri that they were free to leave.

50. Ms. Moas and Mr. Palmeri observed the police officers proceed to search the white truck that had pulled up next to their vehicle.

51. Ms. Moas and Mr. Palmeri were shaking and crying all night long.

52. Ms. Moas went to the Hackensack University Medical Center Emergency Department the following day and was diagnosed by a psychiatrist as suffering from acute stress.

53. Mr. Palmeri also went to the Emergency Department and was diagnosed with a rib contusion. He was prescribed Vicodin.

54. To this day, Ms. Moas and Mr. Palmeri continue to have nightmares about this terrifying event.

55. As a result of the events alleged herein, and due directly to the actions taken by Defendants, Ms. Moas and Mr. Palmeri suffered and continue to suffer physical pain, and emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

## CAUSES OF ACTION

### FIRST CLAIM: FALSE ARREST

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983**

56. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

57. The conduct and actions of Defendant JOHN DOE, acting under color of law, in falsely arresting Plaintiffs, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, were done without lawful justification or reason, and were designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a result of the foregoing, Plaintiffs were subject to great physical and emotional pain and suffering, and were otherwise damaged and injured.

## SECOND CLAIM:  EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

59. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

60. The conduct and actions of Defendant JOHN DOE, acting under color of law, in grabbing Plaintiffs, throwing them to the ground, and pointing a gun at their heads was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

61. As a result of the foregoing, Plaintiffs were subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## THIRD CLAIM:  MUNICIPAL LIABILITY

### LIABILITY OF DEFENDANT CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

62. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

63. Defendant DOE's conduct was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

64. As a direct and proximate result of the CITY OF NEW YORK's wrongful policies, practices, customs and/or usages complained of herein, Plaintiffs were deprived of their liberty,

9

were subject to great humiliation, were deprived of their Fourth and Fourteenth Amendment rights, and were otherwise damaged and injured.

## FOURTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

65. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

66. By the actions described above, Defendant DOE engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to Plaintiffs Moas and Palmeri. The acts and conduct of Defendant DOE was the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subject to great humiliation, and were otherwise damaged and injured.

## FIFTH CLAIM: ASSAULT AND BATTERY
## COMMON LAW CLAIM

68. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

69. Defendant DOE's acts, described above, constituted an assault upon Plaintiffs in that DOE intentionally attempted to injure Plaintiffs or commit a battery upon them, and further that DOE's acts represented a grievous affront to Plaintiffs.

70. Defendant DOE's acts constituted a battery upon Plaintiffs in that the bodily contact described was intentional, unauthorized, and grossly offensive in nature.

71. The actions of Defendant DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant DOE knew, or should have known, that his actions were without the consent of Plaintiffs.

72. Defendant DOE did inflict the torts of assault and battery upon Plaintiffs. The acts and conduct of Defendant DOE were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

73. The injuries sustained by plaintiffs were caused wholly and solely by reason of the conduct described, and Plaintiffs did not contribute thereto.

74. As a result of the foregoing, Plaintiffs were subject to great physical and mental pain and humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM:  FALSE ARREST AND IMPRISONMENT

### COMMON LAW CLAIM

75. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

76. The conduct and actions of Defendant DOE, acting under color of law, in falsely arresting and imprisoning Plaintiffs, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, were done without lawful justification or reason, and were designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under the common law of New York State,

77. As a result of the foregoing, Plaintiffs were subject to great physical and emotional

pain and suffering, and were otherwise damaged and injured.

## SEVENTH CLAIM: NEGLIGENCE

### COMMON LAW CLAIM

78. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

79. Defendant DOE, while acting as agent and employee for Defendant CITY OF NEW YORK, in his capacity as a police officer for CITY OF NEW YORK, owed a duty to Plaintiffs to perform his police duties without the use of excessive force. Defendant DOE's use of force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendant DOE or to others constitutes negligence for which Defendant DOE is individually liable.

80. Defendant DOE's use of force upon Plaintiffs when Defendant DOE had no lawful authority to arrest Plaintiffs or to use force against Plaintiffs constitutes negligence for which Defendant DOE is individually liable.

81. As a proximate result of Defendant DOE's negligent use of excessive force, Plaintiffs sustained injuries believed to be permanent and Plaintiffs have incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiffs pain and suffering and mental anguish.

## EIGHTH CLAIM: NEGLIGENT HIRING, SCREENING AND SUPERVISION

### COMMON LAW CLAIM

82. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

83. The defendant CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual Defendant herein. The acts and conduct of Defendant DOE was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subject to great humiliation, and were otherwise damaged and injured.

### NINTH CLAIM:  RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

**COMMON LAW CLAIM**

85. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

86. The conduct of Defendant DOE alleged herein, occurred while he was on duty, and in and during the course and scope of his duties and functions as New York City police officer, and while he was acting as agent, officer, servant and employee of the Defendant CITY OF NEW YORK, and as a result the Defendant CITY OF NEW YORK is liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

87. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subject to great humiliation, and were otherwise damaged and injured.

WHEREFORE, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this Court may deem appropriate and equitable.

Dated:   New York, New York
         August 13, 2008

                                   LAW OFFICE OF RONALD L. KUBY
                                   119 West 23rd Street, Suite 900
                                   New York, New York  10011
                                   (212) 529-0223 (t)
                                   (212) 529-0644 (f)


                                   By:_s/_____
                                   RONALD L. KUBY, Esq. [RK-1879]
                                   DAVID PRESSMAN, Esq. [DP-9136]

                                   Attorneys for Plaintiffs